**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LUIS HERNÁNDEZ-RIVERA, et al. | * |
| Plaintiffs | * |
| v. | * Civil No. 06-2057(SEC) |
| CARNIVAL CORPORATION | * |
| Defendant | * |

**OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss for Improper Venue (Docket # 13), Plaintiffs' Response in Opposition (Docket # 15), and Defendant's Reply (Docket # 18) thereto. After carefully considering the parties' filings and the applicable law, for the reasons set forth below, the Court hereby **DENIES in part and GRANTS in part** the Motion to Dismiss for Improper Venue, and **TRANSFERS** the case to the United States District Court for the Southern District of Florida.

**Standard of Review**

A motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387 (1st Cir. 2000). In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508

**Civil No. 06-2057(SEC)** 2

(quoting, Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).  See also, Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).  Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., -- F 3d --, 2007 WL 1732883 (1st Cir. 2007).

**Factual and Procedural Background**

While the instant case was filed on October 19, 2006, (Docket # 1) it is really the reincarnation of a prior suit, namely Case No. 04-22922-CIV-Martinez-Klein.  This previous version of the case was filed in the United States District Court for the Southern District of Florida where it was dismissed without prejudice.  Defendant, Carnival Corporation (hereinafter "Carnival"), reacted to the complaint by filing a Motion to Dismiss (Docket # 5) which was opposed by Plaintiffs.  See, Docket # 10.  Plaintiffs filed an Amended Complaint (Docket # 9) and as a result Defendant filed its Motion to Dismiss for Improper Venue (Docket # 13).  Plaintiffs' Response in Opposition (Docket # 15), and Defendant's Reply (Docket # 18) followed.

According to the Verified Amended Complaint (Docket # 9 Ex. 1) Mrs. Norma Iris Falcón, Alvia Rosado's mother, bought cruise tickets as a gift for Plaintiffs, Luis Hernández-Rivera (hereinafter "Hernández-Rivera") and Alvia Rosado. Id. at 3 ¶ 3.3.  They boarded Carnival's ship, the Destiny, on October 19, 2003. Id. at 3 ¶ 3.2.  Hernández-Rivera alleges that he never signed the "Sail and Sign Account and Guest Ticket Contract Acknowledgment," or any ticket contract agreement, and that he was not given the "Welcome Aboard" brochure Defendant alleges is included in the passenger ticket contract packet. Id. at 3 ¶¶ 3.4 & 3.5.

On October 23, 2003, Hernández-Rivera slipped and fell in one of the ship's stairwells. Id. at 3 ¶ 3.6.  Hernández-Rivera alleges that the stairwell was covered with melted ice cream and/or water. Id.  In addition, Hernández-Rivera alleges that he requested

**Civil No. 06-2057(SEC)**                                                                                                      3

to disembark in order to go to a port hospital facility but was not allowed to do so, that he was only given Tylenol to cope with the pain he was experiencing, and that as a result of this accident he underwent various medical procedures and has been diagnosed with "chronic atrophic of his left thigh, scar tissue formation, and post sciatic irritation on his left thigh." Id. at 4 ¶¶ 3.7 - 3.9.

On November 24, 2004, Plaintiffs filed a complaint against Defendant before the United States District Court for the Southern District of Florida. Id. at 4 ¶ 3.12. *In media res*, Plaintiffs' counsel, Waks & Barnett, resigned and were allowed to withdraw as attorneys. Id. at 4 ¶ 3.13. After approaching several Florida attorneys, Hernández-Rivera was unable to secure representation, and asked the Court to dismiss the complaint without prejudice in order to re-file his action. Id. Carnival agreed to allow the dismissal without prejudice. Id. at 4 ¶ 3.14. Plaintiff then re-filed his action in this Court. See, Docket # 1.

**Applicable Law and Analysis**

The prevailing view towards contractual forum-selection clauses is that "such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Silva v. Encyclopedia Britannica Inc., 239 F.3d at 386 (citing, M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10). Particularly, the Supreme Court has upheld the validity of forum selection clauses in passenger contracts. See, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991). So has the First Circuit. See, Reynolds-Naughton v. Norwegian Cruise Line, 386 F.3d 1 (1st Cir. 2004).

Plaintiffs present various arguments as to why the forum-selection clause should not be enforced, and Defendant's Motion should be denied. Plaintiffs first contend that the ticket contract is void and unenforceable because of the inclusion of the terms contained in paragraph 14(d) of the ticket contract, which states:

> In consideration for the fare paid, it is agreed that Carnival shall have no liability as a consequence of guest's use of ship's athletic or recreational equipment or as a consequence of guest's decision to participate in any athletic or recreational activity or event.

**Civil No. 06-2057(SEC)** 4

See, Docket # 13 Ex. 1 p. 9.

Plaintiffs allege that if 14(d) were enforceable it would be an exculpatory clause that would preclude them from recovering their loses from Carnival. But they contend that the clause is void by virtue of 46 U.S.C. § 30509(a), which states:

> (a) Prohibition.--
> (1) In general.--The owner, master, manager, or agent of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign country, may not include in a regulation or contract a provision limiting--
> (A) the liability of the owner, master, or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents; or
> (B) the right of a claimant for personal injury or death to a trial by court of competent jurisdiction.
> (2) Voidness.--A provision described in paragraph (1) is void.

Plaintiffs take this to mean that paragraph 14(d) of the Carnival contract voids the entire contract. This is wrong. Section 30509(a)(2) only voids a *provision* that attempts to do what is described in 46 U.S.C. § 30509(a)(1). A provision is a clause in a legal document that provides for a particular matter, as opposed to the *entire* contract. Paragraph 14(d) is a provision to itself. Thus, if it runs counter to the letter of 46 U.S.C. § 30509(a), paragraph 14(d), not the entire contract, would be void. However, whether or not said paragraph is void is irrelevant, since it clearly does not apply to the case at hand. Hernández-Rivera's accident and injuries are not related to his participation in any athletic or recreational activity.

Plaintiffs cite Broadly v. Mashpee Neck Marina, Inc., 471 F.3d 272 (1st Cir. 2006), for the proposition that courts may not use the reformation doctrine or a severability clause to rescue a maritime contract that includes an illegal exculpatory clause. However, this action can be easily distinguished from Broadly. There, the First Circuit was concerned with the narrowing, by a judge, of an overbroad exculpatory clause, which created a blanket immunity absolving Mashpee Neck Marina, Inc. from all liability, including that arising from gross negligence and intentional wrongdoing. Id. at 273. However, in the instant case the exculpatory clause is not overbroad, it is concerned solely with injuries sustained as the result

**Civil No. 06-2057(SEC)**                                                                                                       5

of athletic or recreational activities.  In particular, the clause specifies that the injuries must be a consequence of the "guest's use of ship's athletic or recreational equipment" or of his or her "decision to participate in any athletic or recreational activity." Docket # 13 Ex. 1 p. 9.  It is clear from this language that the clause does not exculpate gross negligence or intentional wrongdoing.  The clause addresses the likely event that persons engaged in athletic and recreational endeavors will injure themselves, and Carnival's desire to be held unaccountable insofar as injuries are the consequence of those activities.  In a sense, the clause is the contracting of an assumption of risk regime.  We conclude that the overbreadth present in Broadly's exculpatory clause is missing here.  Thus, it is possible to narrow or sever the clause from the rest of the contract if it were necessary and prudent. See, Broadly, 471 at 275.

Plaintiffs also object to Defendant's motion as they deem it to be procedurally deficient because it contains matters outside the pleadings.  The result of this being that the motion must be converted to a motion for summary judgment, which must follow the Fed. R. Civ. P. 56.  Since, Defendant's motion does not follow the requirements of the Local Rule 56, dealing with motions for summary judgment, Plaintiffs argue that the motion must be denied.  However, a Court may, in ruling on a motion to dismiss, consider documents annexed to, or incorporated by reference in the complaint and matters susceptible to judicial notice, without converting the motion to a summary judgment motion. See, Jorge v. Rumsfeld, 404 F. 3d 556, 559 (1st Cir. 2005)(if "a complaint's factual allegations are expressly linked to-and admittedly dependent upon- a document... that document effectively merged into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).")(citations omitted).  Thus,  since the complaint brings to bear most of the documents annexed to the motion to dismiss (See, Docket # 13 Ex. 1-9.), and those it does not the Court will exclude, it is not necessary to turn Defendant's motion to dismiss into a motion for summary judgment.  Hence, Plaintiffs' objection due to procedural deficiency

**Civil No. 06-2057(SEC)**                                                                                                       6

is inapposite.

Finally, Plaintiffs allege that the forum selection clause was not reasonably communicated.  Specifically, Hernández-Rivera asserts that he never received copy of the "Welcome Aboard" brochure, and that he signed neither the "Sail and Sign Account and Guest Ticket Contract Acknowledgment" nor the "boarding pass." See, Docket ## 9 Ex. 1 ¶¶  3.4 & 3.5, & 15 Ex. 1 ¶¶ 2-4.  The First Circuit articulated, in Shankles v. Costa Armatori, S.P.A., 722 F.2d 861(1st Cir. 1983), a two-prong test to be used when determining if a passenger had reasonable notice of the terms of a travel contract.  The first prong pertains to the physical characteristics of the contract and/or other documents signaling the importance of the contract, such as "the size of type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which a passenger can read the provisions in question[.]" Id. at 864.  Plaintiffs do not object to anything related to this prong. A careful look at the documents attached to the motion to dismiss show that they are of such type size, conspicuousness, and clarity as to represent very little problem for the passenger to read. Since the intelligibility of Carnival's contract and other documents is not under challenge, we will dispense with a laboriously detailed description of said documents, and instead move on to the second prong of the test.

This second prong of the reasonable communicativeness is concerned with "the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract[.]" Id.  The First Circuit holds these circumstances important after contemplating that although most passengers will not read the fine print on a ticket upon purchase or while at sea, passengers are very likely to carefully inspect the contents of the fine print after an accident that results in a loss or an injury. See, Id.  Thus, this prong focuses on the passengers ability to become meaningfully informed of the contents of the travel contract.  Nowhere in the pleadings is it asserted that Hernández-Rivera did not have an opportunity to inform himself of the contents of the terms and conditions of the contract.

**Civil No. 06-2057(SEC)**                                                                                                          7

Instead, what is claimed is that he did not inform himself of them.

In <u>Barkin v. Norwegian Caribbean Lines</u>, 1987 WL 766923 (D. Mass. 1987), Plaintiff's mother bought the cruise tickets for herself and her two daughters, and plaintiff, never received her own ticket but instead shared it with her mother. <u>Id.</u> at 1. However, the <u>Barkin</u> Court held that since the ticket was available during and after the cruise, "[i]t is misleading to focus on whether she actually read the contract; rather the proper focus is on whether she had the opportunity to read it." <u>Id.</u> at 4. The Court in <u>Barkin</u> stresses that it is not suggested anywhere in the facts that plaintiff's mother or sister denied her access to the ticket, and thus deprived her of a chance to acquaint herself with the contract. <u>See</u>, <u>Id.</u> Thus, the Court concluded "[t]hat the plaintiff chose not to read the ticket does not negate the fact that NCL (Norwegian Caribbean Lines) reasonably communicated the terms of the contract[.]" <u>Id.</u>

The fact that Hernández-Rivera chose to file this action in the proper court on his first bite at the apple would seem to indicate that he acquiesced to the forum-selection clause contained in the ticket contract. However, it is not necessary to rely on the implications of this first filing in order to find that the forum-selection clause is valid. Rather, it is enough that it was reasonably communicated by Carnival since Hernández-Rivera could have informed himself about it at any point by looking at his, his wife's, or his mother-in-law's ticket. We note, however, that Plaintiffs' conduct may be read as an attempt at forum shopping, which the Court vehemently disapproves of.

This District has also found that "once the terms and conditions of a ticket contract have been reasonably communicated to the passenger, they are enforceable, whether or not the passenger actually reads them." <u>Morales v. Royal Caribbean Cruises, LTD.</u>, 419 Supp.2d 97, 100 (D.P.R. 2006)(citations omitted). The District also held in <u>Morales</u> that "notice of important conditions of a passenger contract can be imputed to a passenger who has not personally received the ticket or possession thereof." <u>Id.</u> (citations omitted).

**Civil No. 06-2057(SEC)**                                                                                                          8

After examining the pleadings and the applicable law we **HOLD** that the forum-selection clause in the passenger contract is valid. However, the motion to dismiss contained a number of other issues that have not been resolved in this order. The reason for this is that once we determined that the forum-selection clause is effective we set those unresolved issues aside for the appropriate court to decide them. For this reason the motion to dismiss is **DENIED in part and GRANTED in part** and instead the case is **TRANSFERRED** to the originally agreed upon forum.

**Conclusion**

For the reasons stated above the Court **DENIES in part and GRANTS in part** the motion to dismiss, and **ORDERS** the Clerk of Court to **TRANSFER** this case to the United States District Court for the Southern District of Florida.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2008.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States Senior District Judge